UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARMEN ESTRADA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-1200 |
| | § | |
| KROGER TEXAS, L.P., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Defendant The Kroger Co.'s ("Kroger") motion for summary judgment. Doc. 10. Kroger contends that Plaintiff Carmen Estrada's ("Estrada") premise liability claim on behalf of her daughter, Carmen Polermo ("Polermo"), is precluded as a matter of law because Estrada fails to meet her burden of proof on an essential element of her premises liability claim. *Id.* at 1.

Having considered Kroger's motion, the facts of this case, and the applicable law, the Court will grant Kroger's motion for summary judgment.

I. Background

Plaintiff's original petition in state court alleges that on May 10, 2009, six-year-old Carmen Polermo and her grandfather were shopping for flowers at a Kroger store located at 5620 West Tidwell Road in Houston, Texas. Original Petition, Doc. 1-4 at 3-4. The flowers "were displayed near the front of the store in [ten to fifteen] plastic buckets which contained water." *Id.* at 4.  While Polermo was in the floral department, she "slipped and fell in a very large puddle of water that had been dropped or dripped on the floor by other customers selecting flowers." *Id.* Polermo injured her leg in the fall.  Her injury caused a severe infection "which resulted in a protracted hospital stay and multiple surgical procedures." *Id.* At all times material hereto,

1 / 6

Kroger was "the owner[] of or in control of the premises" where Polermo sustained her injury. *Id.*

On February 2, 2011, Carmen Estrada filed suit against Kroger on behalf of her daughter Carmen Polermo in the 129th Judicial District Court of Harris County, Texas. Notice of Removal, Doc. 1 at 2.  In her original state court petition, Plaintiff asserts that Kroger created an unreasonably dangerous condition by failing to exercise reasonable and ordinary care "by keeping the floor in the floral display area dry." *Id.* at 4. Among other things, Plaintiff seeks damages for physical impairment and disfigurement as a result of the injury and infection. *Id.* at 4-5.

On April 4, 2011, Kroger removed the case to this Court. Doc. 1. On February 19, 2012, after an adequate time for discovery, Kroger filed a motion for summary judgment on the grounds that Plaintiff has failed to create a dispute of a material issue of fact on an essential element of her premises liability claim. Doc. 10.  Plaintiff has not responded to Kroger's motion.

II. Legal Standard

A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue, and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A motion for summary judgment cannot be granted merely because no opposition has been filed, even though a failure to respond violates a local rule. *Hibernia National Bank v. Administracion Central Sociedad*

*Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985), *citing John v. State of La. (Bd. of Trustees for State Colelges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985).

The initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Col. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Tex. Dep't of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (1992), *cert. denied*, 506 U.S. 825 (1992). Pleadings are not competent summary judgment evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Wallance v. Texas Tech. U.*, 80 F.3d 1042, 1045 (5th Cir. 1996); *Adams Family Trust v. John Hancock Life Ins. Co.*, 424 Fed. Appx. 377, 81 & n.11 (5th Cir. May 11, 2011). The court is not required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tenn. Gas Pipeline*

*Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). There is a "genuine" issue of material fact if the evidence "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

III. Analysis

Kroger has moved for summary judgment on the grounds that Plaintiff does not have evidence to establish an essential element of her premises liability claim. As a customer, Polermo was an invitee of Kroger. *See Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 2 (Tex. 1996). To recover on a claim of premises liability as an invitee, plaintiff must prove that: (1) Kroger had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) Kroger did not exercise reasonable care to reduce or eliminate the risk of harm; and (4) Kroger's failure to use reasonable care proximately caused plaintiff's injuries. *See CMH Homes, Inc. V. Daenen*, 15 s.W.3d 97, 99 (Tex. 2000).

In slip and fall cases, a store owner or occupier has actual or constructive knowledge of the condition causing the fall when the owner either placed the cause of the injury on the floor; actually knew that the offending object was on the floor, or when the condition existed long enough to give the owner a reasonable opportunity to discover and remove it. Kroger is correct

that Polermo has failed to show the existence of a genuine dispute of material fact as to whether Kroger had actual or constructive knowledge of the dangerous condition of water on the floor that she alleges caused her injury. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992). Polermo has not submitted any evidence that Kroger placed the water on the floor, nor that Kroger actually knew that the water was on the floor. *See* Doc. 1-4 at 3-5.  Kroger's motion is supported by the affidavit testimony of Tanna Hamner, a Kroger employee who was on duty in the floral department when Polermo was injured.  It was part of Hamner's duty to police the floor of the floral department to find any spills of liquid or other hazards on the floor.  Hamner stated that she was checking the floor for water that day, but did not observe any spills or liquids on the floor prior to Polermo's fall.  Hamner did not observe Polermo fall.  Doc. 10-3 at 1.  Joe Estrada Hernandez, Polermo's grandfather, stated in his deposition that he saw some water when he came in, but did not see his granddaughter fall. Doc. 10-4 at 5.   He neither informed a Kroger employee of the spill at any time, nor did he see an employee in the area immediately before Polermo's fall. Doc. 10-4 at 7.

Kroger is also correct that Plaintiff has failed to introduce any evidence indicating that Kroger had constructive knowledge of the specific condition of the puddle in which Polermo slipped. Doc. 10 at 12. Under the Texas law on premises liability, a plaintiff proves constructive notice of the dangerous condition by establishing that "it is more likely than not that the dangerous condition existed long enough to give the premises owner a reasonable opportunity to discover [the condition]." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). Tanna Hamner testified that she did not see the puddle before Polermo fell, although she had walked the entire floral department repeatedly during her shift and did not observe any spills or liquids on the floor before the incident.  Nor did she receive reports from any customer or fellow

employee that there was any water on the floor. Doc. 10-3. Although Polermo's grandfather testified that he had been in the area for five minutes when Polermo fell (Doc 10-4 at 7-8), evidence that a puddle might have been on the floor for approximately five minutes or less is insufficient to show constructive knowledge. *Sturdivant v. Target Corp.*, 464 F.Supp.2d 596, 603 (N.D. Tex. 2006) (evidence that a puddle of water had been on floor for five minutes led to conclusion that Target had no reasonable opportunity to discover water); *Wal-Mart Stores, Inc. v. Lopez*, No. 04-98-00676-CV, 2000 WL 31971 (Tex. App.—San Antonio Jan. 12, 2000) (evidence that substance had been on floor for five minutes or less insufficient to show that Wal-Mart should have known of a dangerous condition). Plaintiff therefore has failed to show there exists a genuine dispute of material fact as to the essential element of Kroger's actual or constructive knowledge of the specific condition of the wet floor. Accordingly, it is hereby

**ORDERED** that Defendant Kroger Co.'s motion for summary judgment (Doc. 10) is GRANTED.

SIGNED at Houston, Texas, this 12th day of September, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE